## ROBERTS COUNTY NATIONAL BANK, Appellant, v. MUSSETTER, Respondent

### (12 N. W.2d 555.)

(File No. 8618. Opinion filed January 14, 1944.)

**G. G. Lasell,** of Sisseton, and **M. C. Lasell,** of Aberdeen, for Appellant.

**C. R. Jorgenson,** of Watertown, for Respondent.

RUDOLPH, J. In this action the plaintiff seeks to recover the balance due on a certain promissory note and to foreclose a chattel mortgage given to secure the note. The defendant alleged that the note, the execution of which he admitted, was delivered to the plaintiff bank upon condition that the bank should secure for the defendant title to certain real property in Roberts county and that in the event of the failure to secure such title the defendant would incur no liability on account of this note. Under the record as presented to this court, only a question of fact is pre-

sented. The trial court found, in accord with the allegations of the defendant, and entered judgment dismissing complaint of the plaintiff. The plaintiff has appealed.

■■ The facts disclose that the defendant desired to obtain title through tax sale proceedings to the Roberts county land. The defendant consulted Mr. A. W. Powell, the cashier of the plaintiff bank, and was informed by Mr. Powell that certain judgments were outstanding against the owner of this land. Mr. Powell was financially interested in these judgments, or at least in a portion of them. It was questionable whether the judgments had any value whatsoever. After being advised of the judgments, the defendant, according to his testimony, decided against an attempt to get title to this land through tax sale proceedings. However, he was subsequently consulted by a Mr. Robertson, who was interested with Mr. Powell in certain of the outstanding judgments, and as a result of the dealings with Mr. Robertson, in which Mr. Powell was participating, the note and mortgage in question were executed. The proceeds of this note or an amount equal thereto were deposited in an account in the plaintiff bank known as the "Citizens Security Bank Trust" account, which was under the control of Mr. Robertson and Mr. Powell. Such monies as were disbursed from this account for the purpose of acquiring the tax sale certificate and certain of the outstanding judgments were disbursed upon the check of Mr. Robertson. The assignment of the tax sale certificate was taken in the name of Mr. Robertson and proceedings for tax deed were instituted in his name. Prior to the issuance of the tax deed the land was redeemed from the tax sale and it was legally determined that the judgments were not a lien upon the real property. The money paid to redeem the land went to the bank and by the bank was applied upon the note in suit. The amount remaining due upon this note represents the amount that it is contended was to be paid by the defendant for the judgments above referred to.

As stated above, the only question involved is whether the evidence is sufficient to justify the trial court in finding

that the liability upon the note was contingent upon the plaintiff bank, Mr. Powell, and Mr. Robertson securing title to the real estate for the plaintiff. We have carefully reviewed the entire record, and while it is clear that the record would support a finding to the contrary, nevertheless there is ample testimony in the record to support the findings of the trial court. Mr. Powell, cashier of the plaintiff bank, testified that this was nothing other than a straight loan to the defendant. The record quite emphatically refutes this testimony, in that the proceeds of the note were never actually received by the defendant but an amount equal thereto was credited to the so-called "Citizens Security Bank Trust" account in the plaintiff bank, which account was under the control of Mr. Powell and Mr. Robertson. It also appears that the assignment of the tax sale certificate was taken in the name of Mr. Robertson who proceeded to start proceedings for the tax deed. Mr. Clarence Anderberg, who represented the owners of the land in making the redemption and in having determined that the judgments did not constitute a lien, testified to certain conversations had with Mr. Robertson and Mr. Powell wherein Mr. Powell stated that the tax sale certificate was purchased by the bank in the name of Mr. Robertson and further that if it turned out that Mussetter got nothing by this transaction, he wouldn't owe anything. Nothing would be gained in attempting to review the entire evidence. The evidence is such that it was within the province of the trial court to determine the facts and the trial court having made this determination, its findings will not be disturbed.

It appears that a certain writing designated as Exhibit 2 was signed by Mr. Robertson and the defendant. This writing had reference to the disposition of certain money equal in amount to the note in suit which was to be deposited in "escrow" in the plaintiff bank. This writing is not, and does not purport to be, an agreement between the defendant and the plaintiff and so far as we can determine, the only purpose of receiving it in evidence was to aid the trial court in its determination as to what the agree-

ment actually was between the plaintiff and defendant when the note was executed. We cannot determine that this writing is very material and we are convinced that it is not conclusive of the issues between the plaintiff and the defendant.

Assignments of error relating to the admission of testimony have been considered and found not prejudicial.

The judgment appealed from is affirmed.

All the Judges concur.